**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Royce Bevel,<br><br>                                            Plaintiff,<br><br>            -v-<br><br>Refrigerated Transfer Carrier LLC,<br><br>                                  Defendant. | **Civ. Action #:**<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

        Plaintiff Royce Bevel ("Plaintiff" or "Bevel"), by Abdul Hassan Law Group, PLLC, his

attorney, complaining of Defendant Refrigerated Transfer Carrier LLC ("RTC" or "Defendant"),

respectfully alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff alleges that he was employed by Defendant and pursuant to the Fair Labor Standards
    Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from
    Defendant for working more than forty hours in a week and not being paid an overtime rate
    of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to
    maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act,
    29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2.  Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid
    overtime wages from Defendant for working more than forty hours in a week and not being
    paid an overtime rate of at least 1.5 times his regular rate and/or 1.5 times the applicable
    NYS minimum wage rate, for such hours over forty in a week, and (ii) is entitled to
    maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage
    Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations
    thereunder.

3.  Plaintiff is also entitled to recover his unpaid wages, and unlawful wage deductions, under
    Article 6 of the New York Labor Law including Section 191, 193, and compensation for not

receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Royce Bevel ("Plaintiff" or "Bevel") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

8. Upon information and belief and all times relevant herein, Defendant Refrigerated Transfer Carrier LLC ("RTC") was a New York for-profit corporation with a principal place of business in Bronx County located at 235 West 233rd Street, Bronx, NY 10463 where Plaintiff was employed.

## STATEMENT OF FACTS

9. Upon information and belief, and at all relevant times herein, Defendant was engaged in the freight and distribution business.

10. Upon information and belief, and at all relevant times herein, Defendant employed 20 or more employees.

11. Plaintiff was employed by Defendant for 15 months ending on or about August 29, 2022.

12. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker as a delivery person lifting, moving and handling goods and food produce, throughout his workday, etc.

13. At all times relevant herein, Plaintiff was an hourly employee of Defendant, and his last hourly rate of pay was about $25.00 an hour.

14. At all times relevant herein, Plaintiff worked about 45-55 or more hours each week for Defendant, 5 days a week.

15. Although Plaintiff was paid for some overtime hours, Defendant had a policy and practice of improperly deducting about 30 minutes or more each day from Plaintiff's work time. However, due to the demands of his job, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL – as further reflected in the time records. 29 C.F.R. § 785.18; 29 C.F.R. § 785.19. As a result, Plaintiff is owed overtime wages for about 2.5 overtime hours worked each week during his employment with Defendant - with the exception of about 2-4 weeks each year, which he seeks to recover with this action and for which he was not paid any wages.

16. At all times relevant herein and in addition to the overtime violations in paragraph 16, Defendant also failed pay required overtime wages by making improper deductions from Plaintiff's wages for alleged damaged/lost equipment and products as also reflected on the pay records – in the amount of about $2,000 or more.

17. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

18. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week.

19. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1). *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

20. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all the hours worked by Plaintiff and did not state all wages earned by Plaintiff, among other deficiencies. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

21. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

22. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

23. At all times applicable herein and upon information and belief, Defendant conducted business in interstate commerce involving the purchase of materials, and other essential supplies for its business.

24. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

25. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

26. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

27. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

28. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state wage posters as required by 29 CFR 516.4 and 12 NYCRR 142-2.8.

29. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

30. The circumstances of Plaintiff's termination and other conditions of his employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

31. "Plaintiff" as used in this complaint refers to the named Plaintiff.

32. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

### AS AND FOR A FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. - Unpaid Overtime

33. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

34. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC 201 et Seq.

35. At all times relevant to this action, Defendant was engaged in commerce and/or in the production of goods for commerce and Defendant constituted an enterprise(s) engaged in

commerce within the meaning of 29 U.S.C. § 207.

36. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

37. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

38. Due to Defendant's FLSA violations, plaintiff is entitled to recover from Defendant his unpaid overtime compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq.  and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)**

39. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

41. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

42. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from
    Defendant, his unpaid overtime wages, prejudgment interest, maximum liquidated damages,
    reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the
    regulations thereunder.

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL § 190, 191, 193, 195 and 198**

43. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1
    through 42 above with the same force and effect as if fully set forth at length herein.

44. At all times relevant to this action, Plaintiff was employed by Defendants, individually
    and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§
    191, 193, 195 and 198 and the applicable regulations thereunder.

45. At all times relevant herein, Defendant also failed pay required wages by making improper
    deductions from Plaintiff's wages for alleged damaged/lost equipment and products as also
    reflected on the pay records – in the amount of about $2,000 or more.

46. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and
    198, by failing to pay Plaintiff his unpaid overtime wages, and wage deductions, Plaintiff
    was entitled to within the time required by NYLL §§ 191, 193 and 198.

47. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the
    notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in
    this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant
    to NYLL 198 including NYLL 198(1-b), as well as an injunction directing defendant to
    comply with NYLL 195(1).

48. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the
    statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover

in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

49. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant his entire unpaid wages, including his unpaid overtime, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendant to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

58. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

59. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages, wages deductions due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to his **Third Cause of Action**, award Plaintiff all outstanding wages, including unpaid overtime wages, non-overtime wages, wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and

issue an injunction directing defendant to comply with NYLL 195(1) and NYLL 195(3).

61. Award Plaintiff prejudgment interest on all monies due;

62. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not
   been requested in the WHEREFORE clause, in addition to the relief requested in the
   wherefore clause;

63. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **September 25, 2022**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF